UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JERMAINE L PATTERSON**<br>**REG. # 69026-061** | : | **DOCKET NO. 2:21-CV-00510**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERAL BUREAU OF PRISONS,**<br>**ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition filed by plaintiff James L. Patterson, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Patterson is currently serving a sentence imposed on September 21, 2011, by the United States District Court for the Southern District of Ohio. Doc. 1, p. 1, ¶ 3. He contends that the Bureau of Prisons ("BOP") has erroneously calculated his sentence, depriving him of 500 hours of First Step Act credits and 250 days of other earned good time credits. Id. at p. 4, ¶ 7.

On May 18, 2021, the undersigned ordered Patterson to amend his petition to provide additional information regarding his claims. Doc. 4. Patterson has not filed an amendment in accordance with the Order.

## II.
### LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Patterson has failed to comply with an Order directing him to amend his petition. This failure on his part warrants dismissal.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Patterson's petition be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE